IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| SHELLEY L. MARSHALL, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>JP MORGAN CHASE BANK, N.A., a federally chartered bank as successor in interest to WASHINGTON MUTUAL BANK; and JOHN DOES I-X,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER DENYING EX PARTE MOTION FOR TEMPORARY RESTRAINING ORDER<br><br><br><br>Case No. 2:10-CV-112 TS |

This matter is before the Court on Plaintiff's Motion for a Temporary Restraining Order ("TRO"). The underlying issue is a foreclosure of Plaintiff's property. Plaintiff seeks to prevent Defendants from foreclosing or continuing to foreclose, or evicting Plaintiff from the subject property. The Court notes that the declaration of Jeremy Eveland states it is in support of a preliminary injunction and/or a temporary restraining order, but the Motion submitted to the Court requests a TRO only.

## I. BACKGROUND

The following facts are taken from the declaration of Jeremy Eveland.[1] On June 1, 2007, plaintiff applied for a loan to refinance the subject property with Defendants, successor in interest to Washington Mutual Bank.[2] Plaintiff secured a loan in the amount of $1,113,554.28.[3] Plaintiff was provided a Truth in Lending Act ("TILA") Disclosure statement as part of the refinance.[4] On June 17, 2007, Plaintiff executed an Adjustable Rate Note with an Adjustable Rate Rider.[5] On the same day Plaintiff granted Defendants a deed of trust in the subject property.[6] On September 2, 2008, the Note and Deed of Trust previously held by Washington Mutual was taken over when Defendants purchased Washington Mutual.[7] On October 11, 2009, Defendants commenced foreclosure on the subject property under the deed of trust by recording a Notice of Default and Election to Sell Under Deed of Trust.[8] On November 3, 2009, Plaintiff asserts that she sent Defendants a notice of rescission pursuant to Regulation Z as applicable to the TILA, based on violations of said Act and related regulations in the entering into the Note and Deed of

---

[1] Docket No. 5.

[2] *Id*. at 2.

[3] *Id*. at Ex. A.

[4] *Id*. at 2.

[5] *Id*.

[6] *Id*.

[7] *Id*.

[8] *Id*.

Trust.[9] A trustees sale of the subject property was set for February 12, 2010.[10] The Court has no reason to believe this sale did not go forward as scheduled.

II. DISCUSSION

A.    MOTION FOR PRELIMINARY INJUNCTION

   *1.    Preliminary Injunction Standard*

"A preliminary injunction is an extraordinary remedy, and thus the right to relief must be clear and unequivocal."[11] In order for Plaintiffs to be entitled to a preliminary injunction, Plaintiffs must show: (1) a substantial likelihood of success on the merits; (2) irreparable harm to the movant if the injunction is denied; (3) the threatened injury outweighs the harm that the preliminary injunction may cause the opposing party; and (4) the injunction, if issued, will not adversely affect the public interest.[12] If Plaintiffs can satisfy the last three requirements, the standard for meeting the first requirement becomes more lenient.[13] If however, the preliminary injunction would disturb the status quo, as it would here, Plaintiffs bear a heightened burden and must make a strong showing both with regard to the likelihood of success on the merits and with

---

[9] *Id*. at 2-3. The Court notes that the alleged notice of rescission was attached as Exhibit E to the declaration. The documents attached do not include any notice of rescission, they merely list the alleged violations of the Truth in Lending Act, and propose a cease and desist from the Trustee's sale. Moreover, neither of the two letters attached in the Exhibit are signed by Plaintiff's representatives. *id*. at Ex. B.

[10] *Id*. at 3.

[11] *Nova Health Systems v. Edmondson*, 460 F.3d 1295, 1298 (10th Cir. 2006).

[12] *General Motors Corp. v. Urban Gorilla, LLC*, 500 F.3d 1222, 1226 (10th Cir. 2007).

[13] *Resolution Trust Corp. v. Cruce*, 972 F.2d 1195, 1199 (10th Cir. 1992).

3

regard to the balance of harms.[14]

   2.   *Substantial Likelihood of Success on the Merits*

Plaintiff brings this action pursuant to TILA. 15 U.S.C. § 1635(a) sets out TILA's right to rescind and provides:

> [I]n the case of any consumer credit transaction . . . in which a security interest, including any such interest arising by operation of law, is or will be retained or acquired in any property which is used as the principal dwelling of the person to whom credit is extended, the obligor shall have the right to rescind the transaction until midnight of the third business day following the consummation of the transaction or the delivery of the information and rescission forms required under this section together with a statement containing the material disclosures required under this subchapter, whichever is later, by notifying the creditor, in accordance with regulations of the Board, of his intention to do so. The creditor shall clearly and conspicuously disclose, in accordance with regulations of the Board, to any obligor in a transaction subject to this section the rights of the obligor under this section. The creditor shall also provide, in accordance with regulations of the Board, appropriate forms for the obligor to exercise his right to rescind any transaction subject to this section.

TILA exempts "residential mortgage transactions" from § 1635.[15] A "residential mortgage transaction" is defined as "a mortgage, deed of trust, purchase money security interest arising under an installment sales contract, or equivalent consensual security interest is created or retained against the consumer's dwelling to finance the acquisition or initial construction of such dwelling."[16]

Plaintiff brings her claim under 15 U.S.C. § 1601 *et seq*. However, the applicable portion of the TILA is § 1635, discussed previously. The rights of rescission contained in § 1635 do not

---

[14]*General Motors Corp.*, 500 F.3d at 1226.

[15]*Id*. § 1635(e)(1).

[16]*Id*. § 1602(w).

4

apply to "residential mortgage transactions," such as the transaction here.[17]

Based on all of the above, the Court finds that Plaintiff has failed to show she is likely to succeed on the merits. Considering the remaining factors, and the fact that the scheduled sale date has now passed, the Court cannot conclude that they weigh so heavily in favor of granting the Motion as to make up for Plaintiff's failure to show a likelihood on the merits. Moreover, although Plaintiff's Memorandum sets out the elements required for a TRO, it does not provide facts in support of the elements.

### III. CONCLUSION

It is therefore

ORDERED that Plaintiff's Motion for a Temporary Restraining Order (Docket No. 6) is DENIED.

DATED   February 25, 2010.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[17] 15 U.S.C. § 1635(e)(1).